RECORD NUMBER: 14-4427

# United States Court of Appeals
*for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**BERNY A. NUNEZ,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

# OPENING BRIEF OF APPELLANT

**DENZIL H. FORRESTER
ATTORNEY AT LAW
3325 Washburn Avenue, Suite 103
Charlotte, North Carolina 28205
(704) 632-9992**

*Counsel for Appellant*

## CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION.................................................................... 1

ISSUE PRESENTED FOR REVIEW ................................................................. 2

STATEMENT OF THE CASE............................................................................. 2

      Statement Of The Facts ................................................................................ 3

ANDERS STATEMENT ..................................................................................... 5

SUMMARY OF ARGUMENT ............................................................................ 6

ARGUMENT ....................................................................................................... 7

I.     Was a mistake committed in refusing to discuss likely Guidelines enhancement at the plea hearing?

     A.    Standard of Review ........................................................................ 7

     B.    Discussion ....................................................................................... 7

CONCLUSION .................................................................................................. 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anders* v. *State of California*,
    386 U.S. 738 (1967) .................................................................................. 6, 10

*Robbins* v. *Smith*,
    152 F.3d 1062 (9th Cir. 1997) ........................................................................ 10

*Santabello v. New York*,
    404 U.S. 257, 30 L.Ed. 2d 427, 92 S.Ct. 495(1971) ....................................... 8

*United States v. Chandia*,
    675 F.3d 329 (4th Cir. 2012) ........................................................................... 8

*United States v. Lemaster*,
    403 F.3d 216 (4th Cir. 2005) ........................................................................... 9

*United States v. Rooks*,
    596 F.3d 204 (4th Cir. 2010) ........................................................................... 7

*United States v. Wessells*,
    936 F.2d 165 (4th Cir. 1991) ........................................................................... 9

**STATUTES**

18 U.S.C. § 3231 ............................................................................................... 1

18 U.S.C. § 3553(f) ........................................................................................... 3

18 U.S.C. § 3742(a) ........................................................................................... 1

21 U.S.C. § 841(b)(1)(A) ............................................................................ 1, 2, 4

21 U.S.C. § 846 ............................................................................................ 1, 2, 4

28 U.S.C. § 1291 ............................................................................................... 1

**GUIDELINES**

U.S.S.G. 3B1.1(c) ............................................................................................... 2

**RULES**

Fed. R. App. P. 4(b)(1)(A) .................................................................................. 1

## STATEMENT OF JURISDICTION

On October 19, 2012, a one count Bill of Information was filed against Berny Alonso Nunez. On October 29, 2012, defendant consented to the Bill of Information in the Western District of North Carolina, Charlotte Division. Count One of the Bill of Information charged the defendant with Conspiracy to Possess With the Intent to Distribute Methamphetamine a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(b)(1)(A) and 846. The offense occurred from in or about April 4, 2012, in Lincolnton, North Carolina and Charlotte, North Carolina; both cities are in different counties within the Western District of North Carolina. On October 29, 2012, Mr. Nunez appeared before United States Magistrate Judge David S. Cayer, in Charlotte, Mecklenburg County, North Carolina, and pled guilty to Count One of the Bill of Information without a written Plea Agreement. The district court entered judgment on May 15, 2014. The Notice of Appeal was filed on May 28, 2013. Criminal defendants are allowed fourteen calendar days after the entry of judgment to appeal pursuant to the Federal Rules of Appellate Procedure, 4(b)(1)(A). Mr. Nunez's Notice of Appeal was filed in a timely manner. The district court has jurisdiction pursuant to 18 U.S.C. § 3231. This Court's jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

I. Was a mistake committed in refusing to discuss likely Guidelines enhancement at the plea hearing?

## STATEMENT OF THE CASE

This case originated from a Bill of Information filed in the Western District of North Carolina in the Charlotte Division. On October 19, 2012, Berny Alonso Nunez was charged in Count One of the Bill of Information with, Conspiracy to Possess With Intent to Distribute a controlled substance, Methamphetamine, in violation of Title 21 U.S.C. §§ 841(b)(1)(A) and 846.

On October 11, 2012, a complaint was filed against Berny Nunez and Hugo Garcia-Cortez. Nunez waived his right to a detention hearing on the charging documents. On October 29, 2012, Nunez was arraigned on the Bill of Information. On that same day, October 29, 2012, Nunez appeared before the magistrate court and pled guilty to Count One of the Bill of Information. On April 3, 2014, Chief United States District Judge Frank D. Whitney accepted appellant's guilty plea.

On August 15, 2013, a draft Presentence Report (PSR) was published. Paragraph number 18 of the document indicated a factor for an upward adjustment for a role in the offense pursuant to U.S.S.G. §3B1.1(c). The decision was based on the unbelievable statements made by Garcia-Cortez. The co-defendant's statements were adopted by the United States Probation Officer and listed in

2

paragraph number nine of the PSR. On August 29, 2013, Nunez filed objections to the PSR. It was not persuasive in amending the draft PSR. The Final Presentence Report was filed on September 30, 2014. The Final PSR lists Nunez's U.S.S.G. offense level of 33, and a criminal history category of I. The guideline range for imprisonment was 135 months to 168 months. On March 31, 2014, Nunez filed a sealed sentencing memorandum with 15 exhibits. Most of the attachments impeached the narrative of Garcia-Cortez and other sources used by the presentence officer in generating the Final PSR.

The Government conceded the merits of Nunez's sealed sentencing memorandum. At the sentencing hearing, Nunez was sentenced below the statutory minimum sentence of 10 years. Nunez received the benefits of the safety valve, pursuant to 18 U.S. C. §3553 (f). He received a guideline range sentence of 87 months to108 months, based on a total offense level of 29 at criminal history category I. The district court pronounced a five-year term of Supervised Release.

The Judgment and Statement of Reasons were filed on May 15, 2014. On May 28, 2014, a Notice of Appeal was filed.

**Statement Of The Facts**

On or about April 4, 2012, the defendant, Berny Alonso Nunez, was arrested on federal drug charges in Charlotte, North Carolina. Berny Nunez is one of two men who were arrested in this conspiracy on April 4, 2012. The other individual,

3

Hugo Garcia-Cortez, has a previous federal felony drug conviction. The length of the conspiracy extends backwards to a few weeks prior to April 4, 2012. Soon after his arrest Mr. Nunez was interviewed by federal case agents. [Doc. No. 24 p.1] Nunez's involvement began about March 25, 2012. That is approximately one month before the end of the conspiracy. Mr. Nunez reports he entered the conspiracy because of financial need, to pay his rent, not because of greed.

On October 29, 2012, Nunez entered a plea of guilty to the Bill of Information charging him with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21 U.S.C. §§841(b)(1)(A) and 846; specifically at least 50 grams of methamphetamine. [Plea Tr. 9] Pursuant to the factual basis his drug responsibility is approximately 458 grams of Methamphetamine. [Doc. No. 21 p.4] Nunez and his attorney discussed how the advisory U.S. Sentencing Guidelines might apply to his case. [Plea Tr. 10] Nunez entered a plea of guilty without a written plea agreement. [Plea Tr. 2-3]

Nunez was projected, pursuant to the advisory United States Sentencing Guidelines, at offense level of 33 and a criminal history category of I. The guideline range for imprisonment was determined to be 135 to 168 months. However, objective information demonstrating that Garcia-Cortez was the mastermind and target of the federal investigative operation was filed and

4

accepted. The Assistant United States Attorney first acknowledged the merits of the sentencing document and then the district court granted the reduction.

Berny Nunez was born in Costa Rica. Nunez legally entered the United States and was initially in compliance with immigration laws. He was once married to an American citizen. Nunez has a teenage daughter. Nunez completed many classes at the local detention center. He showed his multiple awards and certificates to the sentencing judge. Mr. Nunez is a step ahead of unskilled individuals in his homeland. He intends to seek gainful employment using the skills he acquired at the local jail. [Sentencing Tr. pg. 12]

## ANDERS STATEMENT

On October 29, 2012, Berny Nunez entered a straight-up plea of guilty to Count One of his Bill of Information. On October 29, 2012, the district court questioned Nunez regarding his knowledge of the charge and potential punishment and the voluntariness of his acceptance of the guilty-plea. The magistrate court entered Nunez's answers on a form generated for said specific purpose. Nunez executed the document which ostensibly demonstrates entry of his guilty plea. Nunez indicated he was satisfied with his attorney's representation.

In light of the facts and exhibits in document number 24, the defendant's sealed sentencing memorandum, the Government capitulated to the position advanced by defendant in his March 31, 2014, sentencing motion. On April 3,

5

2014, Chief United States District Court Judge Frank D. Whitney approved the guilty plea of Nunez based upon the colloquy of October 29, 2012, and the acceptance of the factual basis at the sentencing hearing. On May 15, 2014, the Statement of Reason was published; the document acknowledges that Nunez received a reduction in his statutory sentence when the Court granted his petition for the Safety Valve. Therefore, despite the decision of the presentence officer, Nunez ultimately succeeded in his pursuit of a sentence reduction.

When a district court adopts the facts set forth in the PSR. With the acceptance of the conviction (guilty plea) and pronouncement of the sentence, the district court's judgment shall remain undisturbed according to the instruction of *Anders v. California*, 386 U.S. 738 (1967).

With regard to the actual conviction, the undersigned has thoroughly examined the entire record for meritorious issues regarding defendant's innocence and has found none.

## SUMMARY OF ARGUMENT

Appellant contends a prosecutor should know all of the discovery or evidence in a matter he or she is championing. Therefore, despite not having a written plea agreement, the federal prosecutor was not precluded from asserting the likelihood of whether defendant might qualify for the safety valve based on current information.

# ARGUMENT

A.  <u>Standard of Review</u>

"In assessing a Guidelines enhancement, an appellate court reviews findings of fact for clear error and legal decisions de novo.  Under the clear error standard of review, the appellate court will only reverse if left with the definite and firm conviction that a mistake has been committed.  In assessing a Guidelines enhancement, "we review findings of fact for clear error and legal decisions de novo." *United States v. Chandia*, 675 F.3d 329,337 (4th Cir. 2012) citing: *United States v. Rooks*, 596 F.3d 204, 210 (4th Cir. 2010).

B.  <u>Discussion</u>

Appellant asserts the magistrate court should have allowed him to place on the record his self-assessed qualification for the safety valve during the plea hearing, despite no written plea agreement.  Nunez's prescient contention was he should not be judged on the PSR because he is not the person depicted in it. (Sentencing Tr. 4-6).  Nunez advised the magistrate court he had plans to argue for a reduction capable of piercing the mandatory minimum floor of this statutory sentence.  (Plea Tr. 4)  Appellant's recital at the plea hearing of the then-current circumstance surrounding his qualification for a reduction would have forced the prosecutor to be thoroughly prepared at the Rule 11plea hearing. (Sentencing Tr. 6).  A prosecutor who is well-briefed by his case agent would effectuate the goals

7

of the plea process: *speed*; *economy and finality*. *United States v. White*, 366 F.3d 29, 296 (4th Cir 2004). There should be no fear of construing a prosecutor's disclosure regarding immutable facts in the known discovery as a promise or inducement for defendant to enter into a plea agreement. *Santabello v. New York*, 404 U.S. 257, 262, 30, L.Ed. 2d 427, 92 S.Ct. 495(1971). Nunez contends the prosecution was going to get a conviction without a trial in this matter. [Doc. No. 13] Nunez waived the indictment process and agreed to a Bill of Information. In this matter the prosecution did not risk a viable claim of fraud in the inducement just for stating on the record Nunez did not: possess a firearm; use force or violence; and he was not a leader.

The problematical issue the case law in *White* warned against came to fruition in this matter. On the eve of sentencing, defense counsel had to scurry for tangible information known to the federal case agent and defendant via the state court discovery. (Doc. 24 p.4) That created a risk to slow down the plea process. In an appointed case, the cost increased because of the necessary research and legal writing. Finality was only achieved to the detriment of speed and economy. Nunez advocates for greater transparency at the plea hearing. He envisions a process in which prosecutors will advise defense counsel of the Government's likely challenges to the safety valve at the time of the plea hearing. This is distinguished from mere threats or specious claims concerning areas of sentencing

8

enhancements if a written plea is not signed.

Nunez benefited from the serendipity of qualifying for the safety valve on the day of his sentencing hearing. However, as a rule or practice the fate of other defendants should not be left to happenstance.

## Anders Protocol

Appellant signed a plea agreement containing a waiver of his right to a direct appeal. The Fourth Circuit has stated "[i]t is clear that a defendant may, in a valid plea agreement, waive [a federal statutory] right of appeal, just as more fundamental rights such as the right to counsel and the right to a jury trial may be waived." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 991). Regarding a waiver of the right to collateral review, the Fourth Circuit has held there is "no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights" in a plea agreement. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

## The undersigned

The undersigned is aware that he must identify any grounds for relief and brief those issues. "The brief must set forth a statement, of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable… If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts

9

and applicable law and may ask to withdraw from the case, but he must not argue the case against his client." *Robbins* v. *Smith*, 152 F.3d 1062, 1066 (9th Cir. 1997).

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as oppose to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict; be of assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders* at 744.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully prays the accompanying Motion to Withdraw as Counsel be granted and the Appellant be appointed new counsel. Additionally, the undersigned prays this Court will review the record for other possible errors and hold the matter open for Appellant's *pro se* brief.

Respectfully Submitted,

August 26, 2014

**s/Denzil H. Forrester**
N.C. State Bar No. 24976
Attorney for Defendant
Denzil H. Forrester Attorney-at-Law
3325 Washburn Avenue, Suite 103
Charlotte, NC 28205
(704) 632-9992-v
(704) 632-9969-fax
denzilfesq@aol.com

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __14-4427__    Caption: __US v. Berny A. Nunez__

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains __2,282__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*identify word processing program*] in __Times New Roman, 14 point font__ [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) __Denzil H. Forrester__

Attorney for __appellant__

Dated: __8/26/2014__

# CERTIFICATE OF SERVICE

I certify that on  8/26/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Amy Elizabeth Ray
OFFICE OF THE U.S. ATTORNEY
United States Courthouse
100 Otis Street
Room 233
Asheville, NC 28801
828-271-4661


/s/ Denzil H. Forrester                              8/26/2014
_____          _____
             Signature                                            Date